# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle, Sr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 2116 | **DATE** | 9/17/2004 |
| **CASE TITLE** | Casas v. United States | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Luis Casas' § 2255 Motion

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Luis Casas' motion to vacate, set aside, or correct his sentence brought pursuant to 28 U.S.C. § 2255 is denied. Case terminated. See attached.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | SEP 2 1 2004 date docketed | |
| X | Docketing to mail notices. | | docketing deputy initials | 12 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice | mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LUIS CASAS, | ) |
|     Movant, | ) No. 01 C 2116 |
| | ) |
| v. | ) Honorable Charles R. Norgle |
| | ) |
| UNITED STATES of AMERICA, | ) |
|     Respondent. | ) |

DOCKETED
SEP 21 2004

## OPINION AND ORDER

CHARLES R. NORGLE, District Judge

Before the court is Luis Casas' motion to vacate, set aside, or correct his sentence brought pursuant to 28 U.S.C. § 2255. Movant, Luis Casas ("Casas"), challenges his conviction for conspiracy with intent to distribute cocaine. For the reasons stated below, the motion is denied.

## I. BACKGROUND[1]

After an investigation by the Drug Enforcement Administration ("DEA"), Casas and his co-defendants were arrested after transporting an automobile with 48 one kilogram bricks of cocaine contained inside a trap compartment. On February 24, 1999, Casas was indicted on two counts: conspiracy with intent to distribute cocaine, in violation of 21 U.S.C. § 846; and possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1).

On November 23, 1999, Casas pled guilty to one count of the indictment, conspiracy with intent to distribute cocaine, in violation of 21 U.S.C. § 846, and the remaining count was dismissed.

---

[1] A detailed description of the events underlying Casas' conviction is recited in United States v. Carrillo, et al., 70 F. Supp. 2d 854 (N.D. Ill. Oct 14, 1999) (motion to dismiss indictment and motion to suppress evidence) and United States v. Carrillo, 269 F.3d 761 (7th Cir. 2001) (direct appeal of two co-conspirators).

On April 4, 2000, Casas was sentenced to a 87 month term of imprisonment, and the Judgment and Commitment Order was issued on April 7, 2000. Thereafter, Casas took no additional steps to directly or collaterally challenge his conviction, until he filed the present motion.

Casas filed the present motion on March 26, 2001, within the one-year limitations period imposed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2255 ¶ 6 (1-4). Casas' motion raises three arguments: (1) whether he received constitutionally ineffective assistance of counsel; (2) whether his plea was voluntary, knowing and intelligent; and (3) whether 21 U.S.C. §§ 841 and 846 are unconstitutional on the basis of Apprendi v. New Jersey, 530 U.S. 466 (2000).

On February 26, 2002, Respondent, United States of America ("Government"), filed a response to the § 2255 motion. The court ordered that Casas file a reply, if any, by March 26, 2004. Casas did not reply to the Government's response. Casas' § 2255 motion is fully briefed and before the court.

## II. ANALYSIS

### A. Standard of Decision

Section 2255 allows a person convicted of a federal crime to vacate, set aside, or correct his sentence. The relief is available only in limited circumstances, such as where an error is jurisdictional or of Constitutional magnitude. See Oliver v. United States, 961 F.2d 1339, 1341 (7th Cir. 1995). The statute states:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may

2

> move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255 ¶ 1. If the court determines that any of these grounds exists, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255 ¶ 2. In making that determination, the court must review evidence and draw all reasonable inferences from it in a light most favorable to the government. See United States v. Galati, 230 F.3d 254, 258 (7th Cir. 2000); Carnine v. United States, 974 F.2d 924, 928 (7th Cir. 1992).

Section 2255 petitions are subject to various bars, including that of procedural default. Section 2255 petitions are "'neither a recapitulation of nor a substitute for a direct appeal.'" McCleese v. United States, 75 F.3d 1174, 1177 (7th Cir. 1996) (citations omitted). Thus, a § 2255 motion cannot raise: (1) issues that were raised on direct appeal, unless there is a showing of changed circumstances; (2) non-Constitutional issues that could have been raised on direct appeal, but were not; and (3) Constitutional issues that were not raised on direct appeal. See Belford v. United States, 975 F.2d 310, 313 (7th Cir. 1992) (overruled on other grounds by Castellanos v. United States, 26 F.3d 717 (7th Cir.1994)).

There are two exceptions to the procedural default rule: (1) if the movant demonstrates cause for failing to raise the issue and actual prejudice resulting therefrom; or (2) the court's refusal to consider the Constitutional issue would result in a fundamental miscarriage of justice, which requires a showing of actual innocence. See Belford, 975 F.2d at 313 (collecting authority); see also McCleese, 75 F.3d at 1177-78 (discussing fundamental miscarriage of justice). With these principles in mind, the court examines Casas' motion.

3

## B. Ineffective Assistance of Counsel Claim

Casas claims that his Sixth Amendment right to the effective assistance of counsel was violated by his counsel's failure to file a notice of appeal. A claim of ineffective assistance of counsel can be raised for the first time in a § 2255 petition. See Massaro v. United States, 538 U.S. 500, 509 (2003); Richardson v. United States, 379 F.3d 485, 486 (7th Cir. 2004). The court evaluates such a claim under the principles set forth in Strickland v. Washington, 466 U.S. 668 (1984). To prevail on a claim his counsel was ineffective, below the standard required by the Sixth Amendment, Casas must demonstrate that his counsel's representation was objectively deficient and that the deficient representation prejudiced him. See Galbraith v. United States, 313 F.3d 1001, 1008 (7th Cir. 2002) (citing Strickland, 466 U.S. at 688). "[T]his test applies to claims . . . that counsel was constitutionally ineffective for failing to file a notice of appeal." Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000). Where an attorney ignores a defendant's specific request and fails to initiate or prosecute an appeal, that conduct is professionally unreasonable, and prejudice is presumed. See id.; see also Kitchen v. United States, 227 F.3d 1014, 1021 (7th Cir. 2000).

A section 2255 motion claiming ineffective assistance of counsel typically requires the submission of evidence that will allow the court to determine whether an evidentiary hearing or ultimate relief is proper. See Galbraith, 313 F.3d at 1009. "[A] hearing is not necessary if the petitioner makes allegations that are 'vague, conclusory, or palpably incredible,' rather than 'detailed and specific.'" Bruce v. United States, 256 F.3d 592, 597 (7th Cir. 2001). In Galbraith, the Seventh Circuit held that the district court had not erred in denying a section 2255 motion alleging ineffective assistance of counsel in the complete absence of evidence supporting the allegation. See Galbraith, 313 F.3d at 1009. The court noted that, at the district court, the appellant "present[ed] no affidavit

4

from himself or his trial counsel supporting his version of his attorney's conduct, nor any other available, probative evidence that would effectively support [his] claim." Id.

Similarly, in this case, Casas has produced no evidence, let alone sworn affidavits, in support of his claims. The petition merely makes bare allegations that counsel for Casas failed to file a notice of appeal without providing detailed and specific allegations that Casas instructed his counsel to do so. Casas provides no details of these bare allegations, such as where or when these alleged conversations occurred or what was said and by whom. Absent such evidence, Casas has no probative evidence that would support his claim. See Galbraith, 313 F.3d at 1009; see also United States v. Jordan, 870 F.2d 1310, 1318 (7th Cir. 1989) (finding no ineffective assistance of counsel where petition was not supported by any evidence of counsel's failure other than petitioner's "bare allegations").

Further, Casas does not assert that his counsel failed to consult with him at all or that he would have appealed absent whatever consultation he received from his counsel. See Roe, 528 U.S. at 484. The plea agreement contained a waiver of appeal provision. Additionally, after Casas was sentenced, the court informed him of his right to appeal. The following excerpt from the sentencing hearing is instructive:

> COURT:
> ... Mr. Casas, to the extent that you have not waived your right to appeal under the terms of the written plea bargain agreement, you have the right to appeal.
> You should discuss this with Mr. Walsh or any attorney.
> If you cannot afford an attorney for purposes of the appeal, then the Court would appoint one to represent you.
> But you must look to the terms of the written plea bargain agreement to see what appellate rights, if any, you have preserved.
> This is something you can discuss with Mr. Walsh, but if you then decide that there is a basis to appeal and you do want to appeal, then you must file the notice of appeal in the Clerk's Office in this building on the 20th floor within ten days.

>     Do you understand the things that I have just said to you?
> CASAS:
> Yes, sir.

See Gov't. Resp., Ex. 2 at 10-11 (transcript of sentencing hearing).

Again, Casas has provided no probative evidence that his counsel failed to file a notice of appeal, nor that he wished to appeal. Therefore, Casas' ineffective assistance of counsel claim is without merit.

## C. Remaining Claims

Casas took no steps to directly challenge his conviction, and he has provided no evidence that he instructed counsel to do so. As such, his remaining claims concerning the voluntariness of his plea and the constitutionality of 21 U.S.C. §§ 841 and 846 are procedurally defaulted. See, e.g., McCleese, 75 F.3d at 1177. Also, Casas presents no argument in an attempt to demonstrate cause for the failure and resulting prejudice, and he makes no claim of actual innocence. See id. at 1177-78. Thus, the claims cannot be addressed through the instant § 2255 petition. See id. (stating that § 2255 petitions are "neither a recapitulation of nor a substitute for a direct appeal").

### 1. Voluntary, Knowing and Intelligent Guilty Plea

Even if the court were to address the merits of Casas' claim concerning the voluntariness of his plea, the record from the underlying criminal conviction belies such a claim. Casas pled guilty following an extensive plea colloquy. See Gov't. Resp., Ex. 1 (transcript of plea colloquy). Casas acknowledged under oath that he had met with counsel on several occasions to review the plea agreement, and that he had no questions concerning it. See id., Ex. 1 at 3-5, 9, 13-16. Casas further acknowledged that a Spanish interpreter was present while he and counsel reviewed the plea agreement. See id., Ex. 1 at 5. The following excerpt from the plea colloquy is instructive:

COURT:
Okay. Are you entering into this plea bargain agreement voluntarily?
CASAS:
Yes, sir.
COURT:
Are you being threatened in any way?
CASAS:
No, sir.
COURT:
Are you being forced into this?
CASAS:
No. sir.
COURT:
From your point of view, are you being tricked into it?
CASAS:
No, sir.
COURT:
Have you had enough time to think about all of this?
CASAS:
Yes, sir.
COURT:
Now, while you have been at the MCC have you been able to make telephone calls?
CASAS:
Yes, sir.
COURT:
Did you talk to friends and relatives?
CASAS:
Yes, sir.
COURT:
Have you had visitors at the MCC?
CASAS:
Yes, sir.
* * *
COURT:
Has anyone visited you?
CASAS:
Yes, sir.
* * *
COURT:
And Mr. Walsh was there at least four or five times?
CASAS:
Yes, sir.
COURT:

7

And the interpreter was there as well?
CASAS:
Yes, sir.
COURT:
Did you sign the last page of this written plea bargain agreement?
CASAS:
Yes, sir.
COURT:
And Mr. Walsh, your attorney, also signed the last page?
CASAS:
Yes, sir.
COURT:
Is this ten-page written plea bargain agreement the only agreement between you, your lawyer, and the government?
CASAS:
Yes.
COURT:
Is there any other agreement except this written plea bargain agreement?
CASAS:
No. No, sir.
COURT:
And you went over this with your lawyer?
CASAS:
Yes, sir.
COURT:
And the interpreter was there at the time you went over the written plea bargain agreement with your lawyer?
CASAS:
Yes.
COURT:
Okay. Once again, have you had enough time to think about all of this?
CASAS:
Yes.
COURT:
Do you know what you are doing?
CASAS:
Yes.
COURT:
On the plea of guilty there is a finding of guilty and the matter is continued for sentencing.

See id., Ex. 1 at 13-16. "Voluntary responses made by a defendant when entering a guilty plea are

binding." United States v. Price, 988 F.3d 712, 717 (7th Cir. 1993); see also United States v. Stewart, 198 F.3d 984, 987 (7th Cir. 1999). The statements made during Casas' plea colloquy are entitled to a "presumption of verity," United States v. Martinez, 169 F.3d 1049, 1054 (7th Cir. 1999), and Casas has presented nothing to undermine that presumption.

### 2. *Constitutionality of 21 U.S.C. §§ 841 and 846*

Even if the court were to address the merits of Casas' Apprendi-based claim concerning the constitutionality of 21 U.S.C. §§ 841 and 846, the claim is without merit. The Seventh Circuit has held that Apprendi should not be applied retroactively on collateral review. See Curtis v. United States, 294 F.3d 841, 842-44 (7th Cir. 2002) (agreeing with other circuits that Apprendi does not fall within any exceptions that would allow retroactive application on collateral review as stated in Teague v. Lane, 489 U.S. 288 (1989)). "Apprendi therefore does not disturb sentences that became final before June 26, 2000, the date of its release." Id. at 844.

### III. CONCLUSION

For the foregoing reasons, Luis Casas' motion to vacate, set aside, or correct his sentence brought pursuant to 28 U.S.C. § 2255 is denied.

IT IS SO ORDERED.

ENTER:

*[signature]*

CHARLES RONALD NORGLE, Judge
United States District Court

DATED: 9-16-04